March 31, 2026

***VIA ECF***

Clerk, U.S. Court of Appeals for the Third Circuit
2100 U.S. Courthouse
Philadelphia, PA 19106

<u>Make the Road States, Inc., et al. v. Harran</u>
No. 25-2226

**<u>Appellees' Motion to Dismiss for Lack of Appellate Jurisdiction</u>**

To the Clerk:

The above-captioned case is fully briefed and is set for argument on April 8, 2026, before a panel comprising Judges Porter, Montgomery-Reeves, and Bove. While preparing for argument, undersigned counsel for Appellees realized for the first time that the Court lacks appellate jurisdiction in this matter. Under this Court's precedent, the relevant portion of the order from which the appeal arises is not "final" within the meaning of 28 U.S.C. § 1291. Accordingly, with sincere apologies for their failure to note this critical defect in Appellant's case sooner, Appellees move to dismiss this appeal.

The order of the District Court from which the present appeal arises was entered on June 27, 2025 (Order, Appx507). Judge Sánchez ordered remand to state court of an improvidently removed case and granted the Plaintiff-Appellees' request for attorneys' fees pursuant to 28 U.S.C. § 1447(c). The Court did not quantify the fees at that time but instead required submissions within 10 days regarding the amount of fees to be awarded. *Id.*

Also on June 27, 2025—before any party filed the court-ordered submissions below as to the appropriate fee amount—Appellant Harran (one of the defendants below) took a timely appeal from the remand order (Notice of Appeal, Appx509). Plaintiffs-Appellees subsequently filed their Petition for Attorneys' Fees, pursuant to the District Court's June 27 Order (Pls.' Pet. for Att'ys' Fees, Appx513), and that petition remains pending below.

In his case-opening documents, Appellant indicated that this appeal would relate both to the final removal-remand order and the fee ruling. (*See* Concise Summary of the Case at 2, Dkt. No. 9.) In his October 2,



**Pennsylvania**

Eastern Region Office
PO Box 60173
Philadelphia, PA 19102
215-592-1513 T
267-573-3054 F

Central Region Office
PO Box 11761
Harrisburg, PA 17108
717-238-2258 T
717-236-6895 F

Western Region Office
PO Box 23058
Pittsburgh, PA 15222
412-681-7736 T
412-345-1255 F

2025 opening brief, however, Appellant stated for the first time that he seeks to challenge only the decision to award fees, which remain unquantified. (*See* Br. at 1, Dkt. No. 25.)

In *Am. Soc'y for Testing & Materials v. Corrpro Cos.*, 478 F.3d 557, 566–70, 580–81 (3d Cir. 2007), this Court reviewed this kind of scenario and held that an as-yet unquantified order awarding attorneys' fees is not an appealable final order.  In doing so, the Court carefully analyzed and distinguished the Supreme Court's decision in *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), which allows an appeal in the converse situation, where the appellant seeks to challenge the merits ruling immediately, notwithstanding the pendency of an as-yet unresolved fee petition.  While the District Court's removal-remand order was immediately appealable despite the pendency of proceedings to determine the fee amount, *see*, *e.g.*, *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.,* 571 U.S. 177, 179 (2014) (discussing *Budinich*), the fee ruling is not appealable on its own until the fees are quantified by the District Court. *See also*, *e.g.*, *S.B. v. KinderCare Learning Ctrs.*, 815 F.3d 150, 153 & n.2 (3d Cir. 2016) (citing *Duffy v. Ford Motor Co.,* 218 F.3d 623, 626 (6th Cir. 2000)) ("Without knowing what fees (if any) the District Court might find are 'reasonable,' we lack a basis for review").  This Court was thus divested of jurisdiction over this appeal when Appellant abandoned his appeal of the remand order and focused exclusively on the non-appealable fee award portion of that order. This Court's jurisdiction to review an award of attorneys' fees entered after the remand of an improvidently removed case will potentially arise later under 28 U.S.C. § 1291, once the amount is finalized. *See*, *e.g*, *League of Women Voters v. Pennsylvania*, 921 F.3d 378, 382 & n.3 (3d Cir. 2019).

The subsequent history of this case in the District Court illuminates the wisdom of this Court's jurisdictional rule. Judge Sánchez's June 27 Order directed prompt submission of a fee petition. Plaintiffs-Appellees filed a Petition for Attorneys' Fees on July 2, 2025. (Appx513.) After taking his prompt appeal, Mr. Harran moved to stay the fee determination litigation below, but Judge Sánchez denied that motion. (Order, E.D. Pa. Dkt. No. 27.) Mr. Harran then briefed the fee issues below, after noticing this appeal. (Resp. in Opp'n to Pet. for Att'ys' Fees and Costs, E.D. Pa. Dkt. No. 28.) In that briefing, Mr. Harran raised for the first time many of the same arguments in opposition to the fee award that he now raises in the present appeal.

The fee petition remains pending in the District Court at this time. Accordingly, when that petition is finally ruled upon, it is reasonable to expect some further discussion of the same issues by the District Court, which in turn may aid this Court in its final ruling, if and when a timely and jurisdictionally proper appeal of the quantified fee award were to be taken. Otherwise, proceeding with this appeal now would place the Court of Appeals in the position of addressing an Appellant's arguments before the District Court has the opportunity to do so.

Appellant's brief does not mention this Court's controlling authority in its Jurisdictional Statement, and regretfully the undersigned failed to note the critical jurisdictional defect until our argument preparation began. Undersigned counsel promptly raised this issue with opposing counsel once noticed and asked Appellant's counsel to consider seeking dismissal of his appeal. As of the time of this Motion, Appellant's counsel has not responded, though Appellees acknowledge that they provided counsel only a short window to respond before

filing this Motion. As it is the appellees' professional responsibility to move for dismissal of this appeal immediately upon noticing the jurisdictional defect, the undersigned did not think it prudent to delay filing this Motion any further.

Respectfully,

Stephen A. Loney, Jr. (No. 202535)
Ariel Shapell (No. 330409)
Keith Armstrong (No. 334758)
AMERICAN CIVIL LIBERTIES UNION
OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
215-592-1513
sloney@aclupa.org
ashapell@aclupa.org
karmstrong@aclupa.org

Marielle Macher (No. 318142)
Daniel Vitek (No. 209013)
COMMUNITY JUSTICE PROJECT
118 Locust Street
Harrisburg, PA 17101
717-236-9486
mmacher@cjplaw.org
dvitek@cjplaw.org

*Counsel for Appellees*

cc:     All counsel of record (via ECF and email)